1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARASH MORADZDEH, M.D., INC., | Case No. 2:23-cv-00208-MFW-Ex |
|---|---|
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY, and DOES 1 THROUGH 100, | |
| Defendants. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Proposed Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Based upon the Stipulation of the parties and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

2. **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to patient records and data, claim files, non-public financial records and data, employee or personnel files, customer or client lists, confidential contracts, other healthcare-related information protected by The Health Insurance Portability and Accountability Act of 1996, and all other information that the party in good faith believes will, if disclosed, cause harm to the Producing Party's competitive position.

2.3     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: subset of information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) subject to limited disclosure as set forth in Paragraph 7.3, that will, if disclosed, cause substantial competitive and economic harm to the Producing Party.  This includes, but is not limited to, trade secrets, United's proprietary claims-review and audit processes, and all other non-public, proprietary financial, regulatory, or strategic information and data, to the extent that any of these categories of information or tangible things will, if disclosed, cause substantial competitive and economic harm to the Producing Party.

2.4     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are provided, produced or generated in relation to the claims and disputes in this matter or in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15 <u>United</u>: Collectively, United HealthCare Services, Inc.; and UnitedHealthcare Insurance Company, Inc.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any and all copies, excerpts, or compilations of Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in a deposition, confidentiality designations shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related litigation involving some or all of the parties hereto. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) United's House Counsel in this action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

1  Protected Material must be separately bound by the court reporter and may not be
2  disclosed to anyone except as permitted under this Stipulated Protective Order.
3          (g) the author or recipient of a document containing the information or a
4  custodian or other person who otherwise possessed or knew the information.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information designated by an opposing or third party in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

        (a) unless prohibited by a Court Order, or specifically prohibited by a statute or regulation cited to the producing party by the requesting party, promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order, unless prohibited by law;

        (b) promptly notify in writing the party who caused the request, or subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c) when applicable, as set forth in ¶ (a), cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. However, the parties must follow the procedures set forth in Federal Rule of Civil Procedure 45(d)(2) when asserting that subpoenaed or requested information is subject to a privilege. The filing of a motion for a protective order does not, by itself, stay compliance with a subpoena.

        If the Designating Party timely seeks a protective order from a court of competent jurisdiction, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or as otherwise required by law or

court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

9.1 The terms of this Order are applicable to information, documents, and/or tangible things produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties, when so designated by the Non-Party upon production or by any other Party pursuant to Section 9.2 below, is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, any Party who inadvertently produces Discovery Material that is privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent production, so advise the Producing Party and request that the Discovery Materials be returned. The Receiving Party shall return, sequester, or destroy such inadvertently produced Discovery Materials, including all copies, within five (5) business days of receiving such a written request. The Party returning such inadvertently produced Discovery Materials may thereafter seek re-production of any such Discovery Materials pursuant to applicable law.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

1  deadline that (1) identifies (by category, where appropriate) all the Protected Material
2  that was returned or destroyed and (2) affirms that the Receiving Party has not retained
3  any copies, abstracts, compilations, summaries or any other format reproducing or
4  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are
5  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and
6  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,
7  expert reports, attorney work product, and consultant and expert work product, even if
8  such materials contain Protected Material.  Any such archival copies that contain or
9  constitute Protected Material remain subject to this Protective Order as set forth in
10 Section 4 (DURATION).

IT IS SO ORDERED.

Dated:  June 1, 2023

/s/ Charles F. Eick
Charles F. Eick
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *Arash Moradzdeh, M.D., Inc. v. United HealthCare Services, Inc., et al.*, Case No. 2:23-cv-00208-MWF-E.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]